Lessee of Benoni Dawson, junr. *against* William Laughlin.

Copy of a survey alone can ascertain when it was made, and parol proof in this particular, cannot be received.
Settlers of lands under the act of 3d April 1792, must obtain surveys, before they can recover in ejectment.

Ejectment for 300 acres of land, on the west of the river Ohio.

The plaintiff claimed under a warrant for 300 acres, on the west of the Ohio, and east of Little Beaver creek, two or three miles up the said creek, near the western boundary of the state, including his improvement, begun 3d April 1792. It was dated 22d February 1793.

A survey had been made for him, but when, or whether under his settlement or warrant, did not appear.

On this subject, the court determined on argument, that parol proof could not legally ascertain the time when a survey was made; but that a copy of the survey was the best evidence of it, which it was always in the power of the party to procure. Great mischiefs would arise from a relaxation of the rule, by receiving unwritten evidence on this head.

The defendant also had a warrant taken out in the name of David Drennan for 354 acres, about one mile and half west of the Ohio, and east of Little Beaver creek, on the head of the Dry Run, including his improvement, dated 24th April 1794, which Drennan conveyed to the defendant on the 19th August 1794; but he rested his chief pretensions under a settlement, and a survey made thereon on the 10th September 1792, prior to the plaintiff's warrant.

Each of the parties did some slight acts on the lands in dispute to appropriate the same to themselves, in April 1792. The lessor of the plaintiff began on the 2d April, the defendant on the 3d April. Each raised cabins in the course of that year, and in the two succeeding years deadened timber, cleared and grubbed land, burnt brush, fenced fields and raised grain; but the defendant resided on the ground in the summer of 1792, continued there some considerable time, and only re-crossed the Ohio to obtain provisions. In March 1793, he carried over his wife, and they lived in a cabin on the land. It did not appear that the lessor of the plaintiff had ever slept on the premises.

The court declined giving their sentiments on the relative merits of the two settlements, though they strongly inclined in favor of the defendant's. They told the jury, that under the law of 3d April 1792, 3 Dall. St. Laws, 209, two modes of obtaining lands presented themselves settlement and warrant, the for-

mer of which is not defined in the act. It seemed unnecessary to determine, which of the settlements merited most consideration; because the plaintiff must recover on his title, prior to the demise laid in his declaration. That a recovery cannot be had on a mere settlement without a survey, was determined here two years ago, in Bond's lessee v. Fitzrandolph. It is uncertain here, when the plaintiff's survey was made, and whether under his settlement or warrant. He might have given proof in this particular, but has neglected to do it. The description in a warrant, may in some instances be so precise and particular, as in the case of an island, or a tract bounded by marked lines, that a survey cannot reduce it to much greater certainty. Here it is otherwise, and the defendant having obtained a survey above five months before the plaintiff's warrant, grounded on his settlement, is entitled to a verdict.

The plaintiff immediately suffered a nonsuit.

Messrs. Brackenridge and Young, *pro quer.*
Messrs. J. Ross and Simonson, *pro def.*

---

Lessee of Hugh Neilly *against* Benjamin M'Cormick.

An improvement right is barred by the limitation act of 26th March 1785, if there has been no possession within seven years, though an indictment of forcible entry and detainer has been found against the defendant, and the lands lie on the frontiers.

This was an ejectment for 400 acres of land, brought on a mere improvement right.

A witness proved, that the lessor of the plaintiff had a small nursery and trees deadened on the land, about twenty-two years before the bringing of this suit.

Messrs. J. Ross and Woods objected for the defendant, that the action cannot be maintained on the prior settlement right, without other title, unless the plaintiff, his ancestors or predecessors have had the quiet and peaceable possession, within seven years next before bringing the action, under the limitation act of the 26th March 1785, § 5. 2 Dall. St. Law, 281.

Mr. Brackenridge for the plaintiff, answered, that an inquisition of forcible entry and detainer had been found many years ago against the defendant in Washington county, and had been removed to the Supreme Court, where it remained untried, and that consequently the possession of the defendant must be deemed tortious; and more-